The STATE of Texas et al., Appellants,

v.

Mark C. CAVE et al., Appellees.

No. 3160.

Court of Civil Appeals of Texas.

Eastland.

Feb. 25, 1955.

Dawson Bryant, Jayton, Wilson, Wilson & Logan, San Angelo, Jameson, Whitten & Harrell, Abilene, for appellants.

Scarborough, Yates, Scarborough & Black, Abilene, for appellees.

LONG, Justice.

The State of Texas, by its county attorney, joined by certain county officers and citizens of Kent County, instituted this suit against Mark C. Cave, Jim Wyatt and A. C. Cargile, three of the County Commissioners of said county, to compel said defendants by mandamus to meet with the County Judge and the other county commissioner to designate a court house and provide offices for the county officials at Jayton and to consider, correct and approve the tax roll and budget and set the tax rate for Kent County for 1954. Defendants answered, among other things, that plaintiffs had unlawfully removed the records from Clairemont, the former county seat, to Jayton without an order from the Commissioners' Court and sought a writ of mandamus to compel the return of the records to the court house at Clairemont. By agreement of all the parties, the venue was transferred to the District Court of Nolan County. That court, without hearing any evidence, but upon the pleadings and admissions of the parties, entered an order that the records be returned to Clairemont. Plaintiffs have attempted to appeal.

The trial court filed findings of fact and conclusions of law which are, in substance, that the county seat had, by vote of the people, been removed from Clairemont to Jayton; that the election was contested and, upon a final hearing, the county seat was established at Jayton. The court found that on July 29th, the date of the mandate issued on the judgment which finally determined Jayton as the county seat, the county records were moved from Clairemont to Jayton, without an order of the Commissioners' Court; that the county records, furniture and equipment of the Commissioners' Court and other officials are now in a building in Jayton; that the plaintiffs refused to return them to Clairemont and defendants refused to attempt to hold Commissioners' Court in Jayton but, in open court by their counsel, defendants agreed that if the records were returned they would, within sixty days, provide a place or places in Jayton for holding the several courts and for the offices of the county officials. The court further found that the records had been illegally removed from Clairemont to Jayton and that they should be returned to Clairemont. The court concluded that Jayton was the county seat but that no place for the records or for holding court in Jayton had been provided by the Commissioners' Court and that the proper place for the Commissioners' Court to meet was at the court house in Clairemont until a place had been designated in Jayton therefor by the Commissioners' Court.

On September 16, 1954, the court entered an order in keeping with said findings and conclusions. Thereafter, on September 30, 1954, the court set aside the order entered on September 16th and,

in lieu thereof, entered the following order:

"Be It Remembered that on this the 16th day of September, 1954, came on to be heard the above entitled and numbered cause, all parties to the proceeding being present in person and by counsel, both sides announced ready for trial, no jury being demanded, all matters of fact as well as of law were submitted to the court. After due consideration of the pleadings, the argument and admissions by counsel in said cause the court finds as follows: That the county seat of Kent County, Texas, has been duly and legally removed from Clairemont, Kent County, to Jayton, Kent County, Texas. That the final decree adjudicating the matter was received by the Clerk of said county on July 29, 1954, there being no controversy that Jayton, Texas, is the legally constituted county seat of Kent County, Texas, it being admitted in open court and recited by the pleadings of both parties that the county records of Kent County, Texas, were removed from Clairemont, Texas to Jayton, Texas, on or about July 29, 1954, and are now in a building in Jayton, Texas; that the same were removed without any order from the commissioners court of Kent County, Texas, and that the plaintiffs refuse to return the same to Clairemont, Texas.

"The court announced in open court that the opinion of the court was that the proper place for the records of the county at this time was the former county seat, Clairemont, Texas, only to be moved by order of the Commissioners Court, thereupon the defendants announced in open court by their attorney that if the records were returned to Clairemont, Texas, they would within sixty (60) days provide for places for holding court and for county offices in Jayton, Texas; it is therefor the Order of the court that the records of the County should be returned to Clairemont, Texas, and

that the plaintiffs be given sixty (60) days after the return of the records to provide facilities for holding court and for the public officers at Jayton, Texas; it is further ordered that the records be returned immediately, not later than 6 P.M. September 17, 1954, in order that the defendants could have the full sixty (60) days in which to provide for places of holding court and for the public officials in Jayton, Texas. It is further ordered and decreed that if this order is not complied with within the sixty days then the court in that event will further consider the application of both parties.

"It is further ordered and decreed that since the plaintiffs have perfected an appeal in this case and executed bonds for that purpose that this decree is subject to such notice of appeal and bonds and no execution will issue by this court pending the appeal in the appellate courts. That there is no necessity for any further notice of appeal or any further bonds to be had in said court. It is further ordered that the original decree entered in this case, together with this corrected decree, shall be included in the transcript for the benefit of any objections either party may have to the action of the court in correcting the former decree."

◼ We are of the opinion that this order is not final and consequently not appealable. It does not dispose of all of the issues and parties. It should be noted that the court says the records *should* be returned to Clairemont and that plaintiffs are given sixty days after such return to provide facilities for holding court and for public offices at Jayton. It is further ordered that the records be returned immediately not later than *6 P. M. September 17, 1954*. This order is not specific, it does not state what party or parties "should" return the records. The order further provides that if it is not complied with within the sixty days the court, in that

event, will further consider the applications of both parties.

The court stated that the order was entered in an effort to settle the controversy. We have concluded that the trial court was attempting to settle the matter and assist the parties in carrying on, in an orderly and lawful manner, the county government of Kent County. As we view the record, there was no attempt to enter a final decree. When the entire record is considered, we believe it shows the court was merely saying to the plaintiffs, "If you will return the records to Clairemont, then the three Commissioners have agreed they will meet with the other members of the Commissioners' Court and provide and designate a court house in Jayton." The order does not command any particular person to return the records and is, therefore, unenforceable. The court indicates that the parties are given sixty days in which to try to work the matter out and if, at the end of that time, the matter has not then been settled he will proceed to hear the applications for mandamus of both parties, not only the application of defendants for mandamus requiring plaintiffs to return the county records to Clairemont but, also, the application of the plaintiffs for mandamus compelling the defendants to meet as a Commissioners' Court and designate a place in Jayton for holding court, etc. To our minds, Judge Mauzey was only acting in an advisory capacity and, in a commendable manner, trying to put at rest the confusion existing in the county since the contest started over removal of the county seat.

Furthermore, it is evident that the so-called order has expired by its own terms and the question presented here is moot. The order is not only moot now but was on the 30th day of September, 1954, when the Court set aside the order of September 16, 1954 and entered the new order. Renfro v. Burrell, Tex.Civ.App., 138 S.W.2d 1110; Speed v. Keys, 130 Tex. 276, 109 S.W.2d 967. Being of the opinion that the order is not appealable and that the question presented is moot, the appeal is dismissed.